# JOSEPH H. BEAUPIED

*v.*

# SABINA GALLART.

---

### NEW TRIAL—FORFEITURE.

1. A deed conveying land is not annulled *ipso facto* by the failure to perform a condition subsequent concerning the price, unless the intent to work a forfeiture is clearly shown in it.
2. At common law, upon breach of condition of forfeiture, a demand of possession or re-entry was necessary.
3. In this instance compliance with the subsequent condition had been waived.

May 4, 1901.

---

*Messrs. Pettingill & Keedy* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HOLT, Judge, delivered the following opinion:

The motion for a new trial is based mainly upon a ground that was not urged, unless indirectly, upon the trial. Certainly it was not then pressed, and no charge to the jury upon that point was asked.

The consideration of the deed of March 12th, 1891, from the plaintiff to Sabina Gallart, was the payment of $800 cash and ten thousand cocoanuts to be sent each year to a third party or his heirs. And it then provides: It is understood the failure to do so will involve the annulment of the contract, or will annul the contract.

Beaupied v. Gallart.

It is claimed the failure to send the cocoanuts each year constituted such a breach of a subsequent condition of the contract that it *ipso facto* worked a forfeiture; and that the right to the possession of the property at once reverted to the plaintiff.

Waiving altogether the question whether the Spanish law of Porto Rico does not control this question, under which no forfeiture would arise, there were no apt words employed to work *ipso facto* a forfeiture. There are no words declaring that the failure to pay the cocoanuts, which were the balance of the purchase money, shall render the contract void. At common law, upon the breach of a condition forfeiting a party's right, there had to be a demand of possession or re-entry to enforce it.

Conceding that in modern practice the bringing of an ejectment, as has been done in this instance, is equivalent to this demand or re-entry, yet the language of this deed implies that some legal steps were to be taken to annul the contract. The law inclines against a forfeiture, and conditions to work one should be strictly construed; they should be express and explicit. Here the stipulation was for the benefit of a third party; no clear intent is shown by apt words to work a forfeiture; there is no reservation of a right of re-entry; or that for the nonfulfilment of the condition the conveyance should be null; but the parties by the language employed appear to have had in mind a rescission of the contract for the failure by legal proceedings. It is, moreover, shown by written evidence, admitted without objection, that the plaintiff in writing signed by him, subsequent to the making of the deed, waived compliance with this condition of the contract. There was no expectation or intention of forfeiture upon his part, and he delayed for years before this action was brought.

The motion for a new trial is overruled.